**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL MORGASON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 4:25cv03625** |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's Complaint (the "Complaint") filed by Plaintiff Michael Morgason ("Plaintiff"), and states as follows:

1. Paragraph 1 of the Complaint does not contain any allegations to which Lincoln is required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 1 of the Complaint.

2. Lincoln admits that Plaintiff was, at certain times, employed by Texarkana Independent School District ("Texarkana ISD") and that Plaintiff was, at certain times, a participant in the long term disability plan (the "LTD Plan"), which was sponsored by Texarkana ISD. Lincoln admits the LTD Plan was, at certain times, insured, at least in part, by Group Long-Term Disability Insurance Policy No. 000010253172 (the "Policy") that Lincoln issued to Texarkana ISD. Lincoln admits that Plaintiff is seeking recovery of disability benefits from the

LTD Plan, along with other damages, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

3. Lincoln admits the LTD Plan was, at certain times, insured, at least in part, by the Policy that Lincoln issued to Texarkana ISD. Lincoln denies it was the Plan Administrator of the LTD Plan. Lincoln admits it sent a letter to Plaintiff dated February 22, 2024, but Lincoln refers to the letter itself as the best evidence of its contents. Licoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## I. PARTIES

4. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

5. Lincoln admits it is an Indiana Corporation with its principal place of business in Radnor, Pennsylvania, and that it is licensed to do business in Texas. Lincoln admits that it was properly served in this action. Lincoln denies all remaining allegations contained in 5 of the Complaint.

## II. JURISDICTION AND VENUE

6. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages, and that this Court has jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy, exclusive of interest and costs, is more than $75,000, rendering this action under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332. Specifically, Defendant Lincoln is incorporated in Indiana with its principal place of business in Radnor, Pennsylvania. Plaintiff, as alleged in the Petition, is a resident of Miller County, Arkansas and is asserting claims in excess of $75,000 by his Complaint. Lincoln specifically denies, however, that the bringing of this action or the recitation of jurisdictional basis gives rise to any inference that Plaintiff is entitled to any

remedy or relief against Lincoln. Lincoln further denies that venue is proper in this Court, as it should have been filed in the Texarkana Division of the Eastern District of Texas. Lincoln denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Lincoln admits that the Policy was delivered in the state of Texas and subject to the laws of that jurisdiction. Lincoln denies that venue is proper in this Court, as it should have been filed in the Texarkana Division of the Eastern District of Texas. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

## III. THE CLAIM ON THE POLICY

8. Lincoln admits Plaintiff was, at certain times, a participant in the LTD Plan. Lincoln admits it issued the Policy to Texarkana ISD with an effective date of September 1, 2019, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits Plaintiff was, at certain times, employed by Texarkana ISD as a maintenance mechanic. Lincoln admits that documents in the claim file regarding Plaintiff's claim for benefits from the LTD Plan contain information concerning Plaintiff's date of birth, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. To the extent that Plaintiff is relying on documents that are not contained in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, Lincoln refers to the claim file itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Lincoln refers to that document itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits Plaintiff's last day at work at Texarkana ISD was November 19, 2020. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Lincoln admits Plaintiff received, at certain times, benefits from the short term disability benefit plan ("STD Plan") sponsored by Texarkana ISD. Lincoln denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Lincoln admits Plaintiff submitted a claim for benefits from the LTD Plan. Lincoln admits it issued the Policy to Texarkana ISD, which Policy, at certain times, insured benefits paid by the LTD Plan under the terms of the Policy. Lincoln denies it was the Plan Administrator of the LTD Plan and denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. Lincoln admits Plaintiff received, at certain times, benefits from the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. Lincoln admits it sent a letter to Plaintiff's counsel dated May 27, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 15 of the Complaint.

16. Lincoln admits it sent a letter to Plaintiff's counsel dated May 27, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain information concerning Plaintiff's salary is reflected in the claim file regarding Plaintiff's claim for benefits from the LTD Plan, but Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Lincoln admits it received letters containing first and second level appeals of the denial of Plaintiff's claim for further benefits from the LTD Plan, but Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeals of the denial of benefits from the LTD Plan under the Policy. Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln admits it received first and second level appeals of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, but Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln admits it received first and second level appeals of the denial of Plaintiff's claim for further benefits from the LTD Plan, along with additional documentation, but Lincoln refers to the letters and documents themselves as the best evidence of their contents. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Lincoln admits it sent a letter to Plaintiff's counsel dated May 27, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeals of the denial of benefits from the LTD Plan under the Policy. Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 22 of the Complaint.

## IV. MEDICAL FACTS

23. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the

Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Lincoln admits that certain medical treatment and complaints of Plaintiff are reflected in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan,

but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeals of the denial of benefits from the LTD Plan under the Policy. Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Lincoln denies all remaining allegations contains in Paragraph 35 of the Complaint.

36. There is no Paragraph numbered "36" contained in the Complaint.

37. There is no Paragraph numbered "37" contained in the Complaint.

38. There is no Paragraph numbered "38" contained in the Complaint.

39. There is no Paragraph numbered "39" contained in the Complaint.

## V. DEFENDANT'S UNFAIR CLAIMS HANDLING PRACTICES

40. Lincoln denies the allegations contained in Paragraph 40 of the Complaint.

41. Lincoln denies the allegations contained in Paragraph 41 of the Complaint.

42. Lincoln denies the allegations contained in Paragraph 42 of the Complaint.

43. Lincoln denies the allegations contained in Paragraph 43 of the Complaint.

44. Lincoln admits that physician peer reviews are contained in the claim file upon which Plaintiff's claim for benefits from the LTD Plan under the Policy was evaluated by Lincoln, and Lincoln refers to the claim file itself as the best evidence of its contents. Lincoln further admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed

by the terms of the Policy. Lincoln denies all remaining allegations contained in d Paragraph 44 of the Complaint.

45. Lincoln admits it sent a letter to Plaintiff's counsel dated May 27, 2025, but Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Lincoln admits it issued the Policy to Texarkana ISD, which Policy, at certain times, insured benefits paid by the LTD Plan. Lincoln denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Lincoln denies all allegations contained in Paragraph 47 of the Complaint.

48. Lincoln denies all allegations contained in Paragraph 48 of the Complaint.

49. To the extent Plaintiff attempts to interpret the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan

and that such decisions are governed by the terms of the Policy. Lincoln denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Lincoln denies all allegations contained in Paragraph 53 of the Complaint.

## VI. FIRST CAUSE OF ACTION:

### Breach of Contract

54. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 53 of the Complaint as though fully set forth in response to Paragraph 54 of the Complaint.

55. Lincoln admits that Plaintiff was, at certain times, employed by Texarkana ISD and a participant in the LTD Plan sponsored by Texarkana ISD. Lincoln denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. To the extent that the allegations contained in Paragraph 56 of the Complaint seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 56 of the Complaint.

57. Lincoln denies the allegations contained in Paragraph 57 of the Complaint.

58. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits under the Policy, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits it sent letters

to Plaintiff dated February 22, 2024, and July 10, 2024, and to Plaintiff's counsel dated May 27, 2025, and Lincoln refers to the letters themselves as the best evidence of their contents. To the extent that the allegations contained in Paragraph 58 of the Complaint seek to interpret the provisions of the Policy, Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 58 of the Complaint.

59. Lincoln denies the allegations contained in Paragraph 59 of the Complaint.

60. Lincoln denies the allegations contained in Paragraph 60 of the Complaint.

61. Lincoln denies the allegations contained in Paragraph 61 of the Complaint.

62. Lincoln denies the allegations contained in Paragraph 62 of the Complaint.

## VII. SECOND CAUSE OF ACTION:

### Violation of Texas Insurance Code & DTPA

63. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 62 of the Complaint as though fully set forth in response to Paragraph 63 of the Complaint.

64. To the extent that the allegations contained in Paragraph 64 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies all remaining allegations contained in Paragraph 64 and 64 a-w of the Complaint.

65. To the extent that the allegations contained in Paragraph 65 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies all remaining allegations contained in Paragraph 65 of the Complaint.

## VIII. THIRD CAUSE OF ACTION:

**Breach of Covenant of Good Faith and Fair Dealing**

66. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 65 of the Complaint as though fully set forth in response to Paragraph 66 of the Complaint.

67. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 67 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 67 of the Complaint.

68. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 68 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 68 of the Complaint.

69. Lincoln denies the allegations contained in Paragraph 69 and 69 a-h of the Complaint.

70. Lincoln denies the allegations contained in Paragraph 70 of the Complaint.

71. Lincoln denies the allegations contained in Paragraph 71 of the Complaint.

72. Lincoln denies the allegations contained in Paragraph 72 of the Complaint.

73. Lincoln denies the allegations contained in Paragraph 73 of the Complaint.

74. Lincoln denies the allegations contained in Paragraph 74 of the Complaint.

75. Lincoln denies the allegations contained in Paragraph 75 of the Complaint.

## IX. FOURTH CAUSE OF ACTION

### Fraud

76. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 75 of the Complaint as though fully set forth in response to Paragraph 76 of the Complaint.

77. Lincoln denies the allegations contained in Paragraph 77 of the Complaint.

## X. FIFTH CAUSE OF ACTION

### Prompt Payment of Claims

78. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 77 of the Complaint as though fully set forth in response to Paragraph 78 of the Complaint.

79. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 79 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 79 of the Complaint.

80. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 80 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 80 of the Complaint.

81. Lincoln admits only that its decisions on Plaintiff's claim for long term disability benefits were based on the claim file regarding Plaintiff's claim for benefits from the LTD Plan and that such decisions are governed by the terms of the Policy. To the extent that the allegations contained in Paragraph 81 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 81 of the Complaint.

## XI. SIXTH CAUSE OF ACTION

### Statutory Interest

82. Lincoln repeats and realleges all of its answers to the allegations contained in Paragraphs 1 through 81 of the Complaint as though fully set forth in response to Paragraph 82 of the Complaint.

83. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with penalties, interest, and attorneys' fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 83 of the Complaint.

## XII. CAUSATION

84. Lincoln denies the allegations contained in Paragraph 84 of the Complaint.

## XIII. DECLARATORY RELIEF

85. Lincoln denies the allegations contained in Paragraph 85 of the Complaint.

86. Lincoln denies the allegations contained in Paragraph 86 of the Complaint.

87. Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever and denies all allegations contained in Paragraph 87 of the Complaint.

## XIV. ATTORNEYS' FEES

88. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with costs and attorneys' fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 88 of the Complaint.

## XV. REQUEST FOR DISCLOSURE

89. No response is required to Paragraph 89 of the Complaint, as said Paragraph makes no factual allegations but only describes a request for disclosure under the Texas Rules of Civil Procedure. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever and denies the allegations contained in paragraph 89 of the Complaint, as this suit will be governed by the Federal Rules of Civil Procedure.

## XVI. JURY DEMAND

90. To the extent that the allegations contained in Paragraph 90 of the Complaint contain legal conclusions, Lincoln is not required to respond.

## XVII. KNOWLEDGE

91. To the extent that the allegations contained in Paragraph 91 of the Complaint contain legal conclusions, Lincoln is not required to respond. To the extent a response is required, Lincoln denies that Plaintiff is entitled to any relief or recovery from it whatsoever, and Lincoln denies all remaining allegations contained in Paragraph 91 of the Complaint.

## XVIII. RESULTING LEGAL DAMANGES

92. - 100. No response is required to Paragraphs 92 through 97 of the Complaint and the "PRAYER" Paragraphs thereafter, as said Paragraphs make no factual allegations but only state the relief sought by Plaintiff. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

Lincoln denies each and every allegation not expressly admitted herein and specifically denies that Plaintiff is entitled to recovery on any claims in the Complaint.

## AFFIRMATIVE DEFENSES

1. Lincoln's actions regarding Plaintiff's claim were done in good faith, and Lincoln's decision on Plaintiff's claim was based on a reasonable investigation and its good faith belief that its actions were in compliance with applicable laws and regulations and the requirements of the relevant disability benefits policy.

2. At all relevant times, Lincoln has acted in full compliance with the terms and provisions of the relevant disability benefits policy and all applicable laws.

3. Some or all of the claims asserted or relief sought by Plaintiff in the Complaint are barred by the doctrines of laches, waiver, estoppel, unclean hands and/or failure to fulfill conditions precedent under the terms of the applicable plan because of Plaintiff's failure to submit

all relevant documents in support of Plaintiff's claim and appeals and/or failure to comply with other plan requirements.

4. Plaintiff's claims against Lincoln are barred by the terms, conditions, limitations, and exclusions specified in the relevant disability benefits policy.

5. Plaintiff was not "disabled" as defined by the applicable definition contained in the relevant disability benefits policy, and thus, did not qualify for benefits under the Policy.

6. Lincoln's actions in this matter neither breached the Texas Insurance Code nor constituted unfair methods of competition or unfair and deceptive acts or practices in the business of insurance.

7. Lincoln specifically denies that it misrepresented, suppressed, or concealed material facts to Plaintiff.

8. Lincoln denies that it was unjustly enriched or breached any duty owed to Plaintiff.

9. Plaintiff's claim for recovery of benefits is subject, in whole or in part, to an offset pursuant to the terms of the Policy and/or the document governing the long term disability plan, resulting from Plaintiff's receipt of benefits from other income, including, but not limited to, income earned by Plaintiff and any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

10. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

11. Plaintiff has failed to comply with the 60-day notice requirements contained in the Texas Deceptive Trade Practices Act, Section 17.505 and the Texas Insurance Code, Section 541.154.

12. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

13. Plaintiff has failed to provide adequate proof of loss under the Policy.

14. The damages asserted by Plaintiff were the result of Plaintiff's own actions and/or Plaintiff failed to mitigate damages.

15. Lincoln was not the proximate cause of the damages asserted by Plaintiff.

16. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recovers nothing by this action; that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g); and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 15th day of September 2025.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Attorney in Charge
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Southern District of Texas, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Britney Anne Heath McDonald
Email: britney@marcwhitehead.com

September 15, 2025 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers