**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **MICHAEL MORGASON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. 4:25cv03625** |
| **THE LINCOLN NATIONAL LIFE** | ) | |
| **INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26 (f)**

---

Pursuant to FEDERAL RULES OF CIVIL PROCEDURE and this Court's Order for Conference and Disclosure of Interested Parties, Michael Morgason ("Plaintiff") and Defendant The Lincoln National Life Insurance Company ("Defendant") provide the following:

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

   Counsel attended the Rule 26(f) meeting on October 14, 2025. Britney McDonald attended on behalf of Plaintiff and Iwana Rademaekers attended on behalf of Defendant.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

   None.

3. **Briefly describe what this case is about.**

   **Plaintiff's Statement:** Plaintiff seeks long-term disability ("LTD") benefits under a group benefits program in which Plaintiff was a participant as a result of his employment with Texarkana Independent School District Plaintiff asserts that Defendant wrongfully denied Plaintiff's Long Term Disability benefits owed to him per the LTD policy. Defendant, as the claims administrator for the LTD Policy, denied Plaintiff's claims for LTD benefits under the terms of the Policy.

**Defendant's Statement:** Defendant denies that Plaintiff is entitled to any relief by this action and denies that it violated any statute, law, or any right of or contract with Plaintiff. Alternatively, any recovery by Plaintiff must be reduced by other income earned or other benefits received by Plaintiff, including benefits from the Social Security Administration.

**4. Specify the allegation of federal jurisdiction.**

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

**5. Identify the parties who disagree and the reasons.**

None.

**6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties do not anticipate additional parties at this time.

**7. List anticipated interventions.**

None.

**8. Describe class-action or collective-action issues.**

None.

**9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

Plaintiff served his initial disclosures on October 22, 2025. Defendant served its initial disclosures on October 14, 2025.

**10. Describe the proposed discovery, including:**

**A. Responses to the matters covered in Rule 26(f).**

The Parties exchanged initial disclosures as requested by Rule 26(a) on October __, 2025, and do not anticipate the need for any special discovery arrangements modifying the local rules or the Federal Rules of Civil Procedure. The parties will discuss a resolution of this case and will agree to mediation if informal discussions do not result in a settlement.

The parties anticipate that the areas of discovery will pertain to the processing of Plaintiff's claim for benefits and administration of the relevant policy. The parties agree to work cooperatively to facilitate the production of electronically stored information if it becomes a subject of discovery.

**B. When and to whom the plaintiff anticipates it may send interrogatories.**

To Defendant by December 19, 2025, and to any doctors, vocational personnel, or others who were involved in the decision to deny Plaintiff's claim for LTD benefits.

**C. When and to whom the defendant anticipates it may send interrogatories.**

To Plaintiff by December 19, 2025.

**D. Of whom and by when the plaintiff anticipates taking oral depositions.**

None at this time.

**E. Of whom and by when the defendant anticipates taking oral depositions.**

None at this time.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

The only experts relate to attorney's fees and the parties agree to submit any fee issues to the Court to decide after the underlying case is decided.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.**

None.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date.**

None.

**11. If the parties are not agreed on all or part of the discovery plan, describe the separate views and proposals of each party.**

The parties agree on the discovery plan

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

The parties anticipate that discovery can be reasonably completed by April 16, 2026.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed resolving this matter if possible following Plaintiff's review of the Administrative Record through informal settlement negotiations.

**15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation is a suitable alternative if the parties are unable to resolve this matter between themselves. The parties have agreed to mediate by March 26, 2026.

**16. Magistrate judges may now hear jury and nonjury trials. State the parties' joint position on a trial before a magistrate judge.**

The parties do not agree to proceed before a magistrate judge.

**17. State whether a jury demand has been made and if it was made on time.**

A jury demand was made by Plaintiff in his Complaint filed on August 5, 2025.

**18. Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that it will take 2-3 days to present the evidence in this case.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**20. List other pending motions.**

None.

**21. List issues or matters, including discovery, to be addressed at the conference.**

None.

**22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.**

Plaintiff filed his certificate of interested parties on August 5, 2025.

Defendant filed its certificate of interested parties on September 15, 2025.

**23. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.**

**Plaintiff's Counsel:**

MARC WHITEHEAD & ASSOCIATES, LLP

Britney Anne Heath McDonald
Texas State Bar No. 24083158
Fed ID No. 2621983
403 Heights Blvd.
Houston, Texas 77007
713.228.8888 Phone
713.225.0940 Fax
britney@marcwhitehead.com

**Defendant's Counsel:**

LAW OFFICES OF IWANA RADEMAEKERS, P.C.

Iwana Rademaekers
State Bar of Texas No. 16452560
S.D. of Texas No. 22781
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

/s/ *Britney Anne Heath McDonald*
**Counsel for Plaintiff**

October 24, 2025
Date

*/s/ Iwana Rademaekers*
**Counsel for Defendant**

October 24, 2025
Date